FILED
United States Court of Appeals
Tenth Circuit

October 9, 2020

Christopher M. Wolpert
Clerk of Court

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

JAMES H. HUNTER,

    Petitioner - Appellant,

v.

DEAN WILLIAMS,

    Respondent - Appellee.

No. 20-1307
(D.C. No. 1:20-CV-01562-LTB-GPG)
(D. Colo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

James Hunter, a Colorado prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) and leave to proceed in forma pauperis to bring a 28 U.S.C. § 2241

application before this Court. Exercising jurisdiction under 28 U.S.C. § 1291, we deny

both of Hunter's requests and dismiss this matter.

### BACKGROUND

Hunter filed an Application for a Writ of Habeas Corpus under 28 U.S.C. § 2241

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe this application liberally because Hunter is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But we cannot advocate on Hunter's behalf. *Hall v. Bellmon*, 935 F.2d 1106. 1110 (10th Cir. 1991).

(the "Application") in the United States District Court for the District of Colorado. In it, he asserts one claim: "Denied Due-Process in a direct appeal and postconviction Pursuant to *Harris v. Chapman*, 48 F.3d 1127, 1132 (10th Cir. 1995)." R. at 5. He states that he is "still seeking justice 20 years later" for his conviction because he has been denied an expert witness and "effective assistance of counsel by three different attorneys." *Id.* at 5.

Hunter does not clarify which issues he raised in his direct appeal and which he raised for the first time in his postconviction proceedings. What Hunter's Application does clarify is that on March 26, 2020, the state trial court denied his motion seeking complete DNA testing and the appointment of counsel and expert testimony. And he acknowledges that he did not previously present this issue to the state trial court and "would have to seek an appeal to the Colorado Court of Appeals." *Id.* at 8. Concerned with the "inordinate delay in the state court addressing this issue," *id.* at 5, Hunter's Application asks the district court "to find that Mr. Hunter [does] not have to exhaust his appeal to the Colorado Court of Appeals because requiring him to do so would cause even more delay," *id.* at 7.

A magistrate judge in the District of Colorado ordered Hunter to file an amended habeas application, "either a § 2241 application (a challenge to the fact or duration of confinement seeking immediate release or a shortened period of confinement) <u>or</u> a § 2254 application (a collateral attack to the validity of a conviction and sentence) that sets forth all of his claims for review." *Id.* at 13. In addition, the magistrate judge's order stated that "in any amended application, Petitioner must identify the specific federal constitutional

claim he is asserting[,] and he must provide specific factual allegations in support of the claim." *Id.* Hunter did not file an amended application.

Following that, the magistrate judge issued a Report and Recommendation (the "Report") advising the district court to dismiss Hunter's Application without prejudice for three reasons. First, Hunter failed to comply with the order to file an amended application and therefore failed to prosecute this action. Second, Hunter's requested relief was unavailable under § 2241 because Hunter was challenging the *legality* of his state conviction, not its *execution*. Moreover, Hunter was asking the court for leave to pursue a § 2254 application as relief in his § 2241 application. But "leave to file a § 2254 application is not relief available via a § 2241 application. Therefore, Petitioner fails to present a cognizable request for relief." *Id.* at 19. And third, Hunter's claim of "appellate delay" was improper because, among other things, Hunter failed to identify any delay in his *direct criminal appeal*, failed "to allege actual prejudice" to *that* appeal that was due to the delay, and failed to explain how any delay in prior state proceedings excuses the exhaustion requirements of his *current* postconviction appeal, which contains issues being raised for the first time. *Id.* at 19–20. And finally, because the magistrate judge discerned that Hunter was seeking to challenge the *legality* of his prior conviction, the judge held that Hunter's request to be excused from the exhaustion requirements of his § 2241 application in order to pursue relief available in a § 2254 application would require the court to issue an advisory opinion because there is no § 2254 application before the district court.

Hunter objected to the Report, claiming that he never received the order to amend his habeas corpus application. Crediting Hunter's objection, the district court adopted the magistrate judge's Report, but only on the second and third grounds. It then issued its judgment and later denied Hunter a COA.

## DISCUSSION

When a district court rejects constitutional claims on the merits, "the showing required . . . is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And when a district court rejects a habeas application on procedural grounds, the petitioner must show: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In denying Hunter a COA, the district court found that "jurists of reason[ ] would not find that the petition states a valid claim of the denial of a constitutional right nor would jurists of reason find it debatable whether the Court's procedural rulings were correct." R. at 45. Thus, it held that "no certificate of appealability will issue because Plaintiff has not made a substantial showing of the denial of a constitutional right." *Id.*

Having reviewed Hunter's filings, the magistrate judge's Report, the district court's orders, and the entire record under the framework set out in *Miller-El*, we

4

conclude Hunter is not entitled to a COA. The district court's resolution of Hunter's petition is not reasonably subject to debate. In denying Hunter's request for a COA, we need not redo the district court's analysis, which aptly explains why Hunter's application is deficient and why his requested relief is improper.

## CONCLUSION

For the reasons set out above, Hunter has not demonstrated that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason. *See Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983). We therefore DENY his request for a COA, DENY his motion to proceed on appeal in forma pauperis, and DISMISS this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5